# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

DERRICK TYLER WILSON,

       Plaintiff,

vs.

NICK ASSMAN, FAYETTE COUNTY JAIL,

       Defendants.

No. C12-2018-LRR

ORDER

---

The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on March 6, 2012.

The plaintiff did not submit the statutory $350.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison. 28 U.S.C. § 1915(a)(2). A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff did not submit a completed certified copy of his trust fund account statement, that is, a certificate of inmate account. The form that he submitted is

blank. If he desires to pursue the instant action, the plaintiff is directed to file by no later than August 31, 2012 a certificate of inmate account that he obtained from the appropriate person at the Fayette County Correctional Facility. The court recognizes that the plaintiff asserts that officials at the Fayette County Correctional Center refuse to fill out or complete the certificate of inmate account form. If he again has trouble obtaining the form, the plaintiff should submit by no later than August 31, 2012 a report that details the steps that he took to comply with the court's directive. Such report should, at a minimum, include the name of the individuals who he asked to complete the form and detail his encounter with these individuals. Further, it appears from the pleadings that the plaintiff may no longer be confined. The plaintiff need not submit a certificate of inmate account if he is not a prisoner. *See* 28 U.S.C. § 1915(a)(2). Rather, if he has been released, then the plaintiff should submit by no later than August 31, 2012 a report that makes the court aware of his current situation. Such report should, at a minimum, include his new address. If the plaintiff fails to comply with this order, this case may be dismissed for failure to respond to an order of the court. Fed. R. Civ. P. 41(b); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995); *cf*. L.R. 41.1(b)(4). The court reserves ruling on the plaintiff's application to proceed in forma pauperis and complaint pursuant to 42 U.S.C. § 1983. The clerk's office is directed to send the plaintiff a 1983 packet and form AO 240.

    **IT IS SO ORDERED**

    **DATED** this 17th day of August, 2012.

LINDA R. READE  
CHIEF JUDGE, U.S. DISTRICT COURT  
NORTHERN DISTRICT OF IOWA